# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )   Civil Action No. 5:10-CV-102 )   (Judge Stamp) |
| JIM ROBINSON FORD LINCOLN-MERCURY, INC., | ) ) ) |
| Defendant. | ) |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Bryan Perry, who was adversely affected by such practices. As alleged with greater particularity in paragraphs 8-12 below, the U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant Jim Robinson Ford Lincoln Mercury ("Defendant") committed disability discrimination in violation of the ADA by refusing to allow Bryan Perry to use an assistive device for mobility and terminating his employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) & (3) of Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. §§ 2000e-5(f)(1) & (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of West Virginia.

## **PARTIES**

3. Plaintiff, the Commission, is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1)& (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (3) and 2000e.

4. At all relevant times, Defendant, Jim Robinson Ford Lincoln Mercury, (the "Employer"), a West Virginia corporation, has continuously been doing business in the State of West Virginia, and has continuously had at least 15 (fifteen) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## **STATEMENT OF CLAIMS**

7. More than thirty days prior to the institution of this lawsuit, Bryan Perry filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least in or about May 2009, Defendant has engaged in unlawful employment practices at its Wheeling, West Virginia facility, in violation of Sections 102(a), (b)(1), & (b)(5)(A) of the ADA, 42 U.S.C. §§ 12112(a), (b)(1), & (b)(5)(A).

9. At all relevant times, Bryan Perry has been a qualified individual with a disability within the meaning of Section 101(8) of the ADA, 42 U.S.C. § 12111(8). Perry had, and continues to have, a physical impairment that has caused him, and continues to cause him, to be substantially limited in performing major life activities, including but not limited to walking and standing.

10. On or about May 19, 2009, Defendant refused to permit Bryan Perry to return to work because of his disability in violation of the ADA.

11. On or about May 19, 2009, Defendant denied Bryan Perry reasonable accommodations, including but not limited to use of his own assistive devices for mobility while working and reassignment of one or more tasks that the Defendant Employer alleges are duties of the position, in violation of the ADA.

12. On or about June 5, 2009, Defendant discharged Bryan Perry because of his disability, in violation of the ADA.

13. The effect of the practices complained of in paragraphs 8-12 above has been to deprive Bryan Perry of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

14. The unlawful employment practices complained of in paragraphs 8-12 above were intentional.

15. The unlawful employment practices complained of in paragraphs 8-12 above were done with malice or with reckless indifference to the federally protected rights of Bryan Perry.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disability discrimination, including discharge because of disability and denial of reasonable accommodation, and any other employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled employees and applicants.

C. Order Defendant to pay Bryan Perry appropriate back pay in amounts to be determined at trial, prejudgment interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole Bryan Perry by providing compensatory damages for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8-12, above, in amounts to be determined at trial.

F. Order Defendant to make whole Bryan Perry by providing compensatory damages for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 8-12, above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

G. Order Defendant to pay Bryan Perry punitive damages for the malicious and reckless conduct described in paragraphs 8-12, above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

    I.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                                    Respectfully submitted,

                                    WILLIAM J. IHLENFELD, II
                                    UNITED STATES ATTORNEY

By:      /s/ Rita R. Valdrini
           Assistant United States Attorney
           WV Bar # 7864
           United States Attorney's Office
           P.O. Box 591
           Wheeling, WV  26003
           Telephone:  (304) 234-0100
           Facsimile:   (304) 234-0112

**OF COUNSEL:**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

P. DAVID LOPEZ
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

DEBRA M. LAWRENCE
REGIONAL ATTORNEY

RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY

LISA H. FERNANDEZ
SENIOR TRIAL ATTORNEY

DEBORAH A. KANE
Trial Attorney
PA Bar # 92531
Pittsburgh Area Office, Suite 1112
1000 Liberty Avenue
Pittsburgh, PA  15222
Telephone:  (412) 395-5852
Facsimile:   (412) 395-5749